STEVEN B. KILLPACK, Federal Defender (#1808)
L. CLARK DONALDSON, Assistant Federal Defender (#4822)
**UTAH FEDERAL DEFENDER OFFICE**
Attorneys for Mr. Patterson
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUBRY PATTERSON,<br><br>Defendant. | **FORMAL REQUEST FOR DISCOVERY UNDER RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND FOR *BRADY/GIGLIO* MATERIAL**<br><br>Case No. 2:08-CR-187 DB |

The defendant, Aubry Patterson, by and through counsel, L. Clark Donaldson, hereby requests that items of discovery listed below be disclosed to the defense. Mr. Patterson's request is made pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, the Due Process Clause of the Fifth Amendment of the United States Constitution, as well as *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

1. Complete copies of any and all service agreements entered into between the United States, the FBI, the BLM, the IRS and/or any other state or federal agency and "the Source", T.G.

2. A complete copy of T.G.'s "source"/confidential informant file.

3. A complete explanation of any and all offers of leniency, written or oral, that were

extended to "the Source", T.G., by any individual representing or acting as an agent of the United States Government, including, but not limited to, the Federal Bureau of Investigations (FBI), the United States Bureau of Land Management (BLM), the United States Internal Revenue Services (IRS), the United States Drug Enforcement Agency (DEA), United States Attorney's office, United States Department of Justice and/or any other agency. For each offer of leniency identified, the defendant requests.

    a. The identity of the individual who made the offer of leniency;

    b. The date of the offer of leniency;

    c. The substance of the offer of leniency;

    d. The identity of every person present at the time the offer was extended.

4. A complete explanation of any threat of criminal prosecution, written or oral, made by any agent of the United States, including, but not limited to, agents of the FBI, BLM, IRS, DEA, United States Attorney's office, United States Department of Justice and/or any member of federal or state law enforcement to "the Source", T.G. prior to, during or after the execution of any service agreements. For each threat of prosecution so identified, the defendant requests:

    a. The person who made the threat of prosecution;

    b. The date of any such threat of prosecution;

    c. The substance of any such threat of prosecution, including the identity of all potential offenses and punishments;

    d. The identity of every person present.

5. A complete list of any and all criminal offenses known by any agent of the United States Government to have been committed by T.G., or for which T.G. is/was accused, whether or not those offenses were prosecuted criminally.

6. Any inducements, benefits, rewards or other forms of consideration of any kind offered to "the Source", T.G., by any individual representing or acting as an agent of the United States Government, including, but not limited to, agents of the FBI, BLM, IRS, DEA, United States Attorney's office, United States Department of Justice and/or any other state or local law enforcement agency, including:

   a. Promises or agreements not to prosecute any offense against T.G. and/or his family, friends or associates;

   b. A full accounting of monetary or in-kind payments to T.G. including dates, times and amounts of payments;

   c. Benefits extended to T.G. in administrative actions of any kind, including administrative or civil actions brought or threatened against T.G. by the IRS.

7. Complete printouts of any and all records available to the United States Government and/or any law enforcement agency associated with the United States Government that reflects the arrest, conviction and/or investigative history of offenses involving "the Source", T.G.

8. Any report, documentation or information of any kind that describes in any way criminal activities of "the Source", T.G., which was committed by T.G. prior to the execution of any service agreement with the United States Government or which was undertaken after

execution of the service agreement without the authority or approval of the United States Government, but for which the Government has elected, formally or informally, not to prosecute, including, but not limited to:

    a.    T.G.'s misappropriation of government funds during the artifacts investigation;

    b.    T.G.'s possession, use or attempts to possess or use controlled substances of any kind during the illegal artifacts investigation;

    c.    T.G.'s failure to report artifacts sales, transactions or trades to supervising agents;

    d.    Instances in which T.G. provided false or misleading information to the United States Government;

    e.    Any and all evidence relating to any IRS investigation of T.G., Gardiner Antiquities and/or any other person or entity related to T.G.

9.    All instances known to the United States Government and/or its agents wherein T.G. provided false and/or misleading information to any member of law enforcement, including any agent of the United States Government.

10.    A copy of any and all policies, guidelines, regulations, and/or rules employed by any agent of the United States Government that relate in any way to the management/supervision of T.G. as an agent/source/confidential informant, including, but not limited to, policies, guidelines and/or rules that address the following:

    a.    The manner in which money and/or funds belonging to the United States Government were applied for and approved for use in the operation;

    b.      The manner in which money and/or funds belonging to the United States Government was accounted for when given to T.G. for use in the operation;

    c.      The rules, policies and guidelines that identified the manner in which T.G. was to use the funds, including all guidelines, rules and policies which restricted use of said funds.

    d.      The rules, policies and guidelines which identify the manner in which agents of the government, including T.G., were to account for the use/expenditure of funds .

    e.      Any and all rules, policies and guidelines that address in any way the manner in which T.G. was to identify, contact and interact with potential targets of the investigation. The requested items should include:

        i.      Rules that address in any way what T.G. could say to potential targets;

        ii.     Rules that address when and how conversations were to be recorded or otherwise documented;

        iii.    Whether T.G. was required to notify supervising agents of all communications with potential targets of the investigation;

        iv.    Whether T.G. was permitted to have unsupervised and/or unmonitored and/or unrecorded conversations with potential targets of the investigation.

    f.      Any and all rules, policies and/or procedures that address in any way the

        manner in which T.G. was to set prices for antiquities he purchased and/or traded, including any rules which addressed the need to consult with professionals other than T.G. prior to setting a price and/or to confirm T.G.'s price once the transaction was completed;

    g.    Any and all rules that address in any way consequences to T.G. for his failure to abide by any of the policies, guidelines, rules and/or regulations relative to his status as a government source/informant;

    h.    Any and all instances wherein T.G. and/or supervising agents violated or otherwise acted in contravention of the policies, guidelines and/or rules related to management/use of T.G. as a source/confidential informant.

11.    A complete copy of the 390-page address book identified in an FBI 302 statement dated November 19, 2006, Bates #00291.

12.    Every instance wherein T.G. purchased/traded artifacts from or with a target of the investigation wherein T.G. had previously owned or possessed the artifact purchased or traded. For every instance so identified, the following is requested:

    a.    The identity of the artifacts;

    b.    Any and all provenance documents and/or documents or ownership/origin relating to the artifacts;

    c.    Any and all documents, receipts and/or sales slips that relate to prior transactions.

13. Any and all reports, notes, documentation that relate to any interaction between any agent of the United States Government and/or law enforcement and T.G. that predate the execution of the service agreements executed by T.G. in this case.

14. A complete list of all exhibits the Government intends to introduce in its case against Mr. Patterson.

DATED this 15th day of January, 2010.

>               */s/  L. Clark Donaldson*
>               L. CLARK DONALDSON
>               Assistant Utah Federal Defender

## CERTIFICATE OF DELIVERY

      I hereby certify that a true and correct copy of the foregoing **FORMAL REQUEST FOR DISCOVERY UNDER RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND FOR *BRADY/GIGLIO* MATERIAL** was electronically filed to all parties named below on this 15th day of January, 2010.

Carlie Christensen
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, UT 84101

Richard D. McKelvie
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, UT 84101

                         */s/ G. Wynhof*
                         Utah Federal Defender Office