STEVEN B. KILLPACK, Utah Federal Defender (#1808)
L. CLARK DONALDSON, Assistant Federal Defender (#4822)
**UTAH FEDERAL DEFENDER OFFICE**
Attorneys for Mr. Patterson
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |
| Plaintiff, | |
| vs. | |
| AUBRY PATTERSON, | Case No: 2:08-CR-187-DB |
| Defendant. | |

Defendant, Aubry Patterson, by and through counsel, L. Clark Donaldson, submits this Memorandum in Support of Motion to Dismiss, and respectfully requests that this Court dismiss Counts 1, 2, 4 and 5 of the Superseding Indictment against Mr. Patterson.

**FACTS**

On May 27, 2009, a Superseding Indictment was returned against the defendant, Aubry Patterson, alleging six violations of federal law relating to the theft and sale of government property, specifically, archeological resources. Mr. Patterson is charged in six counts that break down as follows:

| Count | Offense Conduct | Item | Date of Action |
|---|---|---|---|
| 1 | Unlawful sale | Abajo bowl (black on white) | 08/31/07 |
| 2 | Unlawful sale | Abajo bowl (red on orange) | 08/31/07 |
| 3 | Theft | Two Abajo bowls (one black on white & one red on orange) | 08/31/07 |
| 4 | Unlawful sale | Abajo pitcher | 10/07/07 |
| 5 | Unlawful sale | Olla | 10/07/07 |
| 6 | Theft | Abajo pitcher & Olla | 10/07/07 |

The unlawful sale counts arise under 16 U.S.C. § 470ee and the theft counts stem from 18 U.S. § 641. Mr. Patterson has entered pleas of not guilty to the superseding indictment.

**ARGUMENT**

**Counts 1, 2, 4 and 5 of the Superseding Indictment Should be Dismissed Against Mr. Patterson As Multiplicitous.**

The Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST., amend. V. The Fifth Amendment also protects individuals not only from "successive prosecutions, but also [from] successive punishments for the same offense." *Id; United States v. Morris,* 247 F.3d 1080, 1083 (10th Cir. 2001)(citing *United States v. Dixon,* 509 U.S. 688 (1993)). Accordingly, the Tenth Circuit has stated that "multiplicitous sentences violate the Double Jeopardy Clause." *United States v. McCullough,* 457 F.3d 1150, 1162 (10th Cir. 2006). Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. *Id.* at 1162 (quoting *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997)).

2

The issue of multiplicity often presents itself when the defendant is charged with violations of multiple criminal statutes for the same underlying acts or omissions. The test for multiplicity "is whether the individual acts [alleged in the counts at issue] are prohibited, or the course of [conduct] which they constitute." *McCullough*, 457 F.3d 1150 (citing *United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002)). Courts often employ the *Blockburger* test to determine whether counts are unconstitutionally multiplicitous. *United States v. Greene*, 239 Fed.Appx. 431, 436 (10th Cir. 2007)(citing *United States v. Morehead*, 959 F.2d 1489, 1506 (10th Cir. 1992)). The *Blockburger* rule is often known as the "same elements test" and requires courts to determine "whether there are two offenses or only one, [that is] whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Upon finding that an indictment is multiplicitous, a trial court has discretion to dismiss the multiplicitous counts. *Id*. at 1426; *United States v. Patterson*, 2009 WL 1255448 (D.N.M. 2009).

In *United States v. Manes,* the Court faced a situation similar to that in the instant case, and held that the defendant could not be convicted of both stealing and selling government property when the acts were part of one continuous transaction. 420 F.Supp. 1013 (D. Ore. 1976). In *Manes*, the defendant was charged with several counts, under two statutes, of cutting and stealing timber from government-owned land and then selling that timber. *Id*. Following the Government's presentation of evidence at trial, the defendant moved for dismissal of some or all of the counts, claiming multiplicity, double jeopardy, and abuse of prosecution. *Id.* With regards to two specific counts, the Court held that the defendant could not be convicted of both stealing and converting to his own use timber taken from federal property under 18 U.S.C. § 641, when

both counts involved the same actors, the same site, the same timber, and continued for two different days only because the removal could not be physically accomplished in one day. *Id*. at 1019. Accordingly, one of the charges was dismissed as multiplicitous.

Here, Mr. Patterson is charged with four counts that are multiplicitous with other charged counts. For example, he is charged in Count 3 with embezzling, stealing, purloining and converting to his own use, and selling a black on white Abajo bowl and a red on orange Abajo bowl on August 31, 2007. In Count 1, he is charged with selling the black on white Abajo bowl on the same date. The conduct covered in Counts 1 (selling a black on white Abajo bowl on August 31, 2007) and 2 ( selling a red on orange Abajo bowl) are subsumed in Count 3 (stealing, embezzling, converting, selling two Abajo bowls of identical description on August 31, 2007) and are therefore multiplicitous - charging the same conduct in multiple counts.  Moreover, under *Blockburger*, the selling counts require no proof of facts which the stealing charges do not, also making the counts multiplicitous. To prove Counts 1 and 2  the Government must prove that the defendant sold the two described bowls on August 31, 2007. To prove Count 3, the Government must use the exact same facts to prove the exact same thing - that he also sold the two Abajo bowls on August 31, 2007.

The same holds true for counts 4 and 5.[1] Counts 1 and 2 are multiplicitous of Count 3, charging the sale of the two Abajo bowls, and therefore Counts 1 and 2 should be dismissed. Count 4 and 5 charge the sale of an Abajo pitcher and an Olla, which are also the subject of theft/conversion/sale in Count 6, and therefore Counts 4 and 5 should be dismissed.  As these counts all contain both the same alleged conduct, and require no proof beyond that required of

---

[1] Please see the chart in the Facts section above for comparison of individual counts.

the theft counts, these counts should be dismissed as multiplicitous and violating due process. Accordingly, Mr. Patterson asks that this Court grant his Motion and dismiss Counts 1, 2, 4 and 5 of the Superseding Indictment.

## CONCLUSION

Based on the foregoing arguments and authorities, Mr. Patterson respectfully requests that this Court find that Counts 1, 2, 4 and 5 of the Superseding Indictment are multiplicitous, and thus, dismiss those counts against him.

DATED this 15th day of January, 2010.

/s/ L. Clark Donaldson
L. CLARK DONALDSON
Assistant Utah Federal Defender

**CERTIFICATE OF DELIVERY**

      I hereby certify that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following on this 15th day of January, 2010.

Carlie Christensen
Richard McKelvie
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah  84111


                                                     */s/ G. Wynhof*
                                                     Utah Federal Defender Office